UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RON LANCASTER and DONITA LANCASTER,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT KORDSIEMON, *et. al.*,<br><br>  Defendants. | Case No. 1:15-cv-00239-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Defendant Kordsiemon's Motion to Exclude All Plaintiffs' Experts (Dkt. 36). Kordsiemon argues that the Lancasters' experts should be excluded because they were not timely disclosed. The Lancasters disclosed one expert, Jason Hawke, but they concede the disclosure was approximately 3 weeks late due to a calendaring error by counsel.

Rule 26(a)(2)(A) states in relevant part that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702. . . ." Fed.R.Civ.P. 26(a)(2)(A). If the witness is one retained or

MEMORANDUM DECISION AND ORDER - 1

specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the disclosure must be accompanied by a written report, containing "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed.R.Civ.P. 26(a)(2)(B).

If the expert is not one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness need not provide the same in-depth written report, but must disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed.R.Civ.P. 26(a)(2)(C)(i). Additionally, the witness must produce a "summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C)(ii).

The purpose of these disclosure requirements is to "prevent surprise testimony by ensuring that opposing parties are aware of the nature of the expert opinions prior to trial." *DR Systems, Inc. v. Eastman Kodak Co.*, 2009 WL 2982821, at *3 n. 2 (S.D.Cal. Sept. 14, 2009) (*citing Britz Fertilizers, Inc. v. Bayer Corp.*, 2009 WL 1748775, *3 (E.D. Cal. June 17, June 2009). If a party fails to provide information or identify a witness as

**MEMORANDUM DECISION AND ORDER - 2**

required by the rule, the party is not allowed to use that information or witness to supply evidence at trial unless the failure was substantially justified or is harmless. Fed.R.Civ.P. Rule 37(c) (1). Rule 37(c)(1) "gives teeth to [the Rule 26(a) disclosure] requirements by forbidding the use at trial any information not properly disclosed under Rule 26(a)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001). Rule 37(c)(1) is recognized as a broadening of the sanctioning power and a rule that is "self-executing" and "automatic." *Id*.

As an initial matter, the Court wishes to address Kordsiemon's suggestion that the court's CMO orders all experts, whether they fall under Rule 26(a)(2)(B) or (C), provide the report required under Rule 26(a)(2)(B). The CMO does state that "the parties shall also provide – for each expert disclosed – the report described in Fed.R.Civ.P. 26(a)(2)(B). . . ." It was not the Court's intent that this requirement apply to a Rule 26(a)(2)(C) expert. Kordsiemon makes that argument based upon the language in Rule 26(a)(2)(C) that such an expert only need to state the subject matter on which the witness is expected to present evidence under Rule 702 and that he provide a summary of the facts and opinions to which the witness is expected to testify "[u]nless otherwise . . . ordered by the court. . . ." The argument is not without merit, and it is a fair reading of the rules, coupled with the language in the Court's standard CMO. However, it was not the Court's intent that a Rule 26(a)(2)(C) expert must comply with Rule 26(a)(2)(B) disclosure requirements. The Court will consider changing the standard language used in its CMOs to make this clear.

**MEMORANDUM DECISION AND ORDER - 3**

Turning to the expert disclosure at hand, the Court notes that the substantive portion of the disclosure is an approximately 2-page document entitled "Jason S. Hawke's Declaration in Support of Non-Retained Expert Witness Disclosure." Dkt. 36-2. By its own title the disclosure does not fall under the 26(a)(2)(B) category for retained experts. Moreover, although the Lancasters suggest on page 7 of their brief that the disclosure is sufficient under both Rule 26(a)(2)(B) and (C), they admit earlier in their brief that "Hawke does not fall under the retained expert framework." *Plf. Br.*, p. 5, Dkt. 39. Moreover, the disclosure does not contain a list of the data or other information considered by Hawke in forming any opinion, any exhibits, any list of publications authored by Hawke, a list of other cases in which he has testified, or a statement of compensation as required by Fed.R.Civ.P. 26(a)(2)(B). Accordingly, the disclosure does not fulfill the requirements of Rule 26(a)(2)(B).

It is, however, a sufficient Rule 26(a)(2)(C) disclosure. The disclosure explains that Hawke will testify about the Lancasters' financial trouble as their financial advisor. He summarizes his testimony to include opinion on the products Kordsiemon sold them, the effects of those products on the sustainability of their retirement and estate planning goals, the process used to sell them the products, and how the timing and design of the products relate to their needs. Under these circumstances, the disclosure fulfils the requirements of Rule 26(a)(2)(C).

The question, then, is whether the late disclosure was substantially justified or harmless. Fed.R.Civ.P. Rule 37(c) (1). There is no dispute that the disclosure was late, and that the reason for the late disclosure was a calendaring mistake by the Lancasters'

**MEMORANDUM DECISION AND ORDER - 4**

attorney. Notably though, although Kordsiemon suggests allowing the late disclosure would require amending the CMO and extending the deadlines, that is not the case. Kordsiemon was still able to disclose his expert in accordance with the deadline set in the CMO. He had to do so less than 2 weeks after he received the Lancasters' disclosure, instead of the anticipated 4 weeks, but he was able to do it. Moreover, the Lancasters had already disclosed Hawke as a lay witness approximately 8 months earlier. That disclosure did not contain as much detail as the expert disclosure, but it at least notified Kordsiemon who Hawke was and the general nature of his testimony. This may be part of the reason Kordsiemon was able to meet his deadline notwithstanding the Lancasters' late disclosure. Finally, the Court notes that there is no indication that counsel for the Lancasters has missed any other deadlines, failed to communicate with opposing counsel, or otherwise mismanaged the case. Accordingly, although the Court certainly appreciates Kordsiemon's counsel's extra diligence and effort in meeting deadlines under circumstances created by a calendaring mistake by opposing counsel, the Court finds that the late disclosure was harmless. Therefore, the Court will deny the motion to exclude Hawke.

But the Court notes that Hawke also disclosed a rebuttal report. Under these circumstances Hawke's testimony will be limited to what is contained in his initial disclosure for the case in chief. Hawke will not be allowed to testify to anything contained is his rebuttal disclosure unless it is, in fact, true rebuttal.

**MEMORANDUM DECISION AND ORDER - 5**

## ORDER

IT IS ORDERED:

1. Defendant Kordsiemon's Motion to Exclude All Plaintiffs' Experts (Dkt. 36) is

    **DENIED**.

DATED: June 2, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court