UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RON LANCASTER and DONITA LANCASTER,<br><br>                  Plaintiff,<br><br>   v.<br>ROBERT KORDSIEMON, *et. al.*,<br><br>                  Defendants. | Case No. 1:15-cv-00239-BLW<br><br>**ORDER** |

## INTRODUCTION

The Court has before it Defendant Kordsiemon's Motion to Reconsider (Dkt. 44). Kordsiemon asks the Court to reconsider its decision not to exclude Plaintiffs' expert Jason Hawke.

## LEGAL STANDARD

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in

**ORDER - 1**

stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

## ANALYSIS

The Court ruled that Hawke is not a Rule 26(a)(2)(B) retained expert; he is a Rule 26(a)(2)(C) expert. A Rule 26(a)(2)(C) expert is not required to provide a written report. Instead, he must disclose the subject matter on which he is expected to present expert evidence and a summary of the facts and opinions to which he is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). The advisory committee notes make clear that the "disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)." And courts "must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26(a)(2)(C), 2010 Amendment, Advisory Committee Notes.

**ORDER - 2**

In this case, the Court based its ruling on the Hawke disclosure, which explained that he would testify about his expert advice to the Lancasters about the products Kordsiemon sold them, the fact that they did not understand the purpose of or details about the products, the effects of those products on the sustainability of the Lancasters' retirement and estate plan goals, the aggressive process Kordsiemon used to sell them the products that were outside the financial industry's standards for similar sales, the ways the timing and design of the products and sales ignored the Lancasters' real needs in order for Kordsiemon to gain and retain the commissions he made from the sales, and Hawke's advice that because no other way existed to reverse the financial losses or to exit the products without further substantial loss, the Lancasters needed legal help to recover their losses. *Hawke Decl.*, Dkt. 36-2, Ex. B.

Kordsiemon suggests this disclosure does not fulfill the requirements of Rule 26(a)(2)(C). The Court disagrees. As noted above, a Rule 26(a)(2)(C) disclosure can be considerably less extensive than a Rule 26(a)(2)(B) report, and the Court must take care not to require too much detail. The disclosure was sufficient, and Hawke will be limited to testifying only about what is in the disclosure at trial.

The question, then, is whether the Court should extend the expert disclosure deadline so that Kordsiemon's counsel can depose Hawke and designate a proper rebuttal expert. The argument for such an extension stems from Kordsiemon's counsel's misreading of the Court's CMO to require Hawke to prepare and disclose a Rule 26(a)(2)(B) report. As noted in the Court's earlier opinion, which the Court will not re-state here, counsel misread the Court's CMO, but it was an understandable misreading.

**ORDER - 3**

Kordsiemon's disclosure was also late, but the Court originally determined that late disclosure was harmless because the Lancasters were still able to disclose their expert. *See Memorandum Decision and Order*, Dkt. 43.

Under these circumstances, the Court will give counsel a short window to depose Hawke and disclose a proper rebuttal expert. Counsel should work together on finding a date and time for the deposition, but the Court expects it to happen within the next 3 weeks. The deposition must be limited to 3 hours. The Court also notes that it interprets District of Idaho Local Rule 26.2 to indicate that any such deposition must be limited to the subject areas identified in the disclosure, and that any such testimony will then be considered part of the disclosure and allowed to be testified to at trial. Kordsiemon will have 3 weeks from the date of the deposition to designate a rebuttal witness.

## ORDER

IT IS HEREBY ORDERED:

1. Defendant Kordsiemon's Motion to Reconsider (Dkt. 44) is **GRANTED in part** and **DENIED in part** as explained above.

DATED: October 31, 2016

B. Lynn Winmill
Chief Judge
United States District Court

ORDER - 4